United States District Court
District of Massachusetts

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | |
| **JOHN F. DOORLY,** ) | Criminal Action No. |
| ) | 09-10055-NMG-1 |
| Defendant. ) | |
| ) | |

**ORDER**

Pending before the Court is a motion for post-conviction relief filed pro se by defendant John F. Doorly ("Doorly" or "defendant") (Docket No. 97). The motion was first submitted to the First Circuit Court of Appeals ("First Circuit") and is styled as an "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence [Under] 28 U.S.C. § 2255". The First Circuit transferred the motion to this Court in May, 2022, to determine how to construe and/or resolve it because Doorly never pursued a first motion under 28 U.S.C. § 2255. For the reasons that follow, the motion will be denied.

**I.   Motion for Post-Conviction Relief**

In its opposition to defendant's motion, the government expounds two analyses of the relief he requests: 1) compassionate release under 18 U.S.C. § 3582(c) and/or 2) relief

- 1 -

from his sentence under 28 U.S.C. § 2241.  The Court will address both constructions of the motion.

When construed as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c), the pending motion is defendant's second request for such relief.  A defendant must satisfy the same exhaustion requirements before filing a successive motion for compassionate release as those he was required to satisfy before filing his original motion. See United States v. Cain, No. 16-CR-00103-JAW, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021).  18 U.S.C. § 3582 provides the following exhaustion requirement:

> [The court may reduce a term of imprisonment] upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . .

18 U.S.C. § 3582(c)(1)(A); see also United States v. Amparo, No. 19-CR-10004-ADB, 2020 WL 7130003, at *2 (D. Mass. Dec. 4, 2020).  Here, defendant has not exhausted his available administrative rights and therefore the pending motion, construed as a motion for compassionate release, will be denied.

The same result is compelled when defendant's motion is construed as a habeas petition pursuant to 28 U.S.C.

§ 2241 seeking time credit under the First Step Act. A habeas petition concerning the computation of a prisoner's sentence typically may be filed only after the exhaustion of administrative remedies, i.e. exhaustion of the process for requesting and appealing administrative remedies set forth by the Bureau of Prisons ("BOP") at 28 C.F.R. § 542.10 et seq. See Rodriguez-Rosa v. Spaulding, No. 19-CV-11984-MBB, 2020 WL 2543239, at *7 (D. Mass. May 19, 2020).

Here, the government has submitted a declaration and supporting exhibits which demonstrate that defendant did not fulfill any portion of the BOP's multi-step administrative remedy process before filing the pending motion. Although the Court may excuse a failure to exhaust administrative remedies in circumstances where fulfilling the requirement would be futile, Doorly proffers no argument on that issue and the Court finds that no such circumstances exist. See Levine v. U.S. Dep't of Fed. Bureau of Prisons, No. 20-CV-11833-ADB, 2021 WL 681689, at *3 (D. Mass. Feb. 22, 2021). The Court therefore concludes that defendant's motion, construed as a habeas petition seeking sentence credit under the First Step Act, must also be denied.

Finally, defendant filed, in March, 2023, a supplemental letter to his motion in which he requests that the Court vacate the fine imposed on him as part of his 2010 sentence. Even if his letter is construed as a valid motion for relief, defendant's request is unavailing because of his failure to exhaust available administrative remedies as discussed above and because it would be untimely if construed as a motion under 28 U.S.C. § 2255.

## ORDER

For the foregoing reasons, defendant's motion for post-conviction relief (Docket No. 97) and letter seeking vacatur of the fine imposed as part of his sentence (Docket No. 109) which is treated as a motion, are **DENIED.**

**So ordered.**

　　　　　　　　　　　　　　　　　　 /s/ Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  April 19, 2023